UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN GIANESINI,<br><br>    Plaintiff,<br><br> v.<br><br>THE BOEING COMPANY,<br><br>    Defendant. | C21-187 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on a motion to dismiss, docket no. 25, brought by defendant The Boeing Company ("Boeing") pursuant to Federal Rule of Civil Procedure 12(b)(6). Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following Order.

**Background**

Plaintiff Steven Gianesini commenced this action against Boeing in King County Superior Court on February 12, 2021. *See* Compl. (docket no. 1-1). The only claim asserted in the original complaint was for discrimination on the basis of national origin. *Id.* at ¶ 4.2. After Boeing removed the action, plaintiff filed an amended complaint in which he alleged various federal claims, as well as state law claims for discrimination on the basis of both national origin and disability, wrongful discharge in violation of public policy, and intentional infliction of emotional distress ("IIED" or outrage). *See* 1st Am. Compl. at ¶¶ 4.1-4.70 (docket no. 10).

In May 2021, the Court granted Boeing's motion to dismiss plaintiff's amended complaint, ruling that (i) the federal claims were precluded by plaintiff's failure to timely file a claim with the Equal Employment Opportunity Commission, (ii) the state law claims alleging disability-based discrimination and failure to accommodate did not relate back to the sole claim in the original complaint and, as a result, were time barred, and (iii) even if timely pleaded, the state law claims for national origin discrimination, wrongful discharge, and outrage did not sufficiently state plausible grounds for relief. *See* Order (docket no. 23). The federal and disability-related claims were dismissed with prejudice, but the other (state law) claims were dismissed without prejudice and with leave to amend. *See id.* at 14-15.

On June 15, 2021, plaintiff filed a Second Amended Complaint, in which he restated the allegations relating to his disabilities, namely hearing loss purportedly caused by an infectious disease transmitted by a co-worker, as well as left-handedness. *See* 2d Am. Compl. at ¶¶ 3.3-3.10, 3.12-3.20, 3.22-3.25, & 3.29 (docket no. 24).[1] In his Second Amended Complaint, plaintiff also repleaded his state law claims for national origin discrimination, wrongful discharge, and outrage, describing as predicates for those claims the following adverse employment and/or harassing actions:

- in 2017, removing plaintiff as SharePoint administrator, *id.* at ¶¶ 3.32 & 4.5;
- in 2017 or later, failing to promote plaintiff, *id.* at ¶¶ 3.32, 3.33, 4.5, & 4.6;

---

[1] Boeing moves to strike these allegations pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff concedes the merit of Boeing's Rule 12(f) motion as to all but Paragraphs 3.13 and 3.23-3.25. *See* Resp. at 25 (docket no. 26).

ORDER - 2

- on December 9, 2017, excluding plaintiff from the list for updating security clearances, as a result of which plaintiff confirmed on February 14, 2018, that his security clearance would not be renewed, id. at ¶¶ 3.21, 3.31, 4.4, 4.11, 4.20, & 4.21;

- on January 24, 2018, finding "unfounded" plaintiff's complaint about John Schultz's comment, "You know how those Italians are, you gotta get em while their [sic] weak," which was allegedly made on January 5, 2018, id. at ¶¶ 3.26, 3.27, & 4.20; see also id. at ¶¶ 3.11 & 3.13 (accusing Schultz of using the term "Polish salute" and of calling plaintiff a "liar"); and

- on or after July 14, 2018, declining to rehire plaintiff after Jay Galloway commented that plaintiff would likely get the job unless he was "blackballed or something," id. at ¶¶ 3.39 & 4.8.

Boeing moves to dismiss plaintiff's claims as either barred by the applicable statute of limitations or insufficiently pleaded.

**Discussion**

A complaint might be lacking because it fails to state a cognizable legal theory or because it fails to state sufficient facts under a cognizable legal theory. See Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). A claim that is time barred is not cognizable. Each of plaintiff's state law claims are subject to a three-year limitations period. See Order at 7 (docket no. 23) (citing RCW 4.16.080(2); Antonius v. King County, 153 Wn.2d 256, 261-62, 103 P.3d 729 (2004); Barnett v. Sequim Valley Ranch, LLC, 174 Wn. App. 475, 485, 302 P.3d 500 (2013); Cox v. Oasis Physical Therapy, PLLC, 153 Wn. App. 176, 192, 222 P.3d 119 (2009)). Because plaintiff initiated this action on February 12, 2021, the conduct giving rise to plaintiff's claims must have occurred on or after February 12, 2018. Plaintiff admits that any claims based on (i) his removal as SharePoint administrator in 2017, (ii) the failure to promote him in

ORDER - 3

2017, or (iii) the January 2018 decision concerning John Schultz's derogatory comments are untimely. See Resp. at 16-17 (docket no. 26). Those claims are DISMISSED with prejudice.

With respect to plaintiff's exclusion from the list for updating security clearances, which also occurred outside the limitations period, plaintiff argues that his claim is timely because it was brought within three years after he confirmed his security clearance would not be renewed and he resigned. Plaintiff's analysis is flawed. According to his own pleading, the adverse employment action at issue occurred on December 9, 2017, and neither his confirmation concerning the consequences of the adverse action nor his resignation in light of such consequences reset the clock for purposes of bringing this lawsuit. To the extent plaintiff's remaining state law claims (*i.e.*, disparate treatment, disparate impact, hostile work environment, wrongful discharge, and outrage) are premised on plaintiff's exclusion from the list for updating security clearances, they are DISMISSED with prejudice as time barred.

As to the decision not to rehire plaintiff, which appears to have been made within the three years preceding plaintiff's filing of this case, plaintiff has not sufficiently stated a plausible claim of national-origin discrimination or outrage.[2] At most, plaintiff's operative pleading alleges that he did not receive the job because he was blackballed. Given that "blackball" means simply "to vote against" or "to exclude socially," see

---

[2] By definition, a refusal to hire cannot form the basis of a claim for wrongful discharge, and thus, plaintiff's claim for wrongful discharge, which has no factual footing within the limitations period, is DISMISSED with prejudice.

ORDER - 4

WEBSTER'S THIRD NEW INT'L DICTIONARY 225 (2002) [hereinafter "WEBSTER'S"],[3] the Second Amended Complaint does not even suggest that "a substantial factor" for the adverse employment action was plaintiff's national origin.  See Mackay v. Acorn Custom Cabinetry, Inc., 127 Wn.2d 302, 310, 898 P.2d 284 (1995) (adopting the "substantial factor" standard); see also 6A WASH. PRAC., WPI 330.01 (7th ed. 2019) (setting forth the elements of a disparate treatment claim).

In this refusal-to-hire context, and in the absence of any direct evidence of national-origin discrimination, to establish a prima facie case, plaintiff must show that (i) he is a member of a protected class, (ii) he applied and was qualified for a job for which Boeing sought candidates, (iii) he was rejected, and (iv) the position remained open and Boeing continued to seek applicants with plaintiff's qualifications.  See Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas Cnty., 189 Wn.2d 516, 529, 404 P.3d 464 (2017) (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).  The McDonnell Douglas standard allows a person who is "a member of a racial minority group that has traditionally suffered workplace discrimination" to initially dispel two of the most common reasons an employer might use to reject an applicant, namely "an absolute or relative lack of qualifications" and "the absence of a vacancy in the job sought."  See Perry v. Woodward, 199 F.3d 1126, 1139 (10th Cir. 1999) (quoting Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 358 n.44 (1977)); see also Mikkelsen,

---

[3] The term "blackball" originated from the practice of "casting an adverse vote" against a person's membership in an organization by "putting a black ball into a ballot box or urn." WEBSTER'S at 225.

ORDER - 5

189 Wn.2d at 531-32 (citing *Perry*). The Second Amended Complaint does not contain the factual allegations necessary to state a prima facie case under the *McDonnell Douglas* test, and Boeing's Rule 12(b)(6) motion is GRANTED in part as to plaintiff's claim that Boeing refused to rehire him because of his national origin.

The Second Amended Complaint also fails to articulate the type of "extreme and outrageous conduct" required to state an outrage claim. *See* *Snyder v. Med. Serv. Corp. of E. Wash.*, 145 Wn.2d 233, 242, 35 P.3d 1158 (2001). Moreover, even if plaintiff could identify a Boeing employee who, in connection with plaintiff's application for rehiring, engaged in the type of "atrocious" and "utterly intolerable" behavior that would support an IIED claim, plaintiff could not proceed against Boeing on a respondeat superior theory because such intentionally tortious behavior cannot form the basis of vicarious liability on the part of an employer. *Id.* at 242-43. Plaintiff's outrage claim is DISMISSED with prejudice.

Plaintiff's attorney states that she intended, but failed, to include the following language in the Second Amended Complaint: "upon information and belief Boeing had hired a similarly qualified person in place of Plaintiff during the July 2018 application to re-hire." *See* Jones Decl. at ¶ 2 (docket no. 27). Counsel's declaration is treated as a request for leave to again amend the operative pleading, and such motion is GRANTED as follows. Plaintiff may electronically file a Third Amended Complaint within fourteen (14) days of the date of this Order. Such pleading shall be limited to asserting a state law claim of discrimination on the basis of national origin with respect to plaintiff's July 14, 2018, application for employment. The revised complaint shall not repeat or recite any

ORDER - 6

allegations that relate to claims already dismissed with prejudice.  Plaintiff and his lawyer are REMINDED of their obligations under Federal Rule of Civil Procedure 11.  If a Third Amended Complaint is not timely filed, the Court will enter judgment in favor of Boeing and against plaintiff.  With regard to any amended pleading, the deadlines set forth in Federal Rule of Civil Procedure 15(a)(3) shall apply.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Boeing's motion to dismiss, docket no. 25, is GRANTED in part and DENIED in part.  All claims set forth in plaintiff's Second Amended Complaint, docket no. 24, are DISMISSED with prejudice, EXCEPT for plaintiff's claim under the Washington Law Against Discrimination alleging that he was not rehired because of his national origin, which is DISMISSED without prejudice and with leave to amend within fourteen (14) days of the date of this Order.

(2) Boeing's motion, docket no. 25, to strike portions of the Second Amended Complaint pursuant to Rule 12(f), and Boeing's motion, <u>see</u> Reply at 12 (docket no. 29), to strike certain extrinsic evidence, are DENIED as moot.

(3) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 10th day of August, 2021.

_____
Thomas S. Zilly
United States District Judge

ORDER - 7